HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Debtor/Debtor-In-Possession/Plaintiff
One Gateway Center
Newark, New Jersey 07102-5386
(973) 621-9020

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------x
In the Matter of:              :
                               
    IMPERIAL OIL CO., INC.,    :
                               
            Debtor.            :
------------------------------x
IMPERIAL OIL CO., INC.,        :

            Plaintiff,         :

v.                             :

UNITED STATES DEPARTMENT OF    :
DEFENSE and UNITED STATES
ENVIRONMENTAL PROTECTION       :
AGENCY,
                               :
            Defendants.
------------------------------x

Case No. 07-15294 (KCF)

Chapter 11 Proceeding

Hon. Kathryn C. Ferguson

Adversary No.

### VERIFIED COMPLAINT FOR TURNOVER AND RELATED RELIEF

Imperial Oil Co., Inc., Debtor-In-Possession ("Imperial"), by way of Complaint against Defendants United States Department of Defense ("DOD") and United States Environmental Protection Agency ("EPA"), says:

### PARTIES, JURISDICTION AND VENUE

1.  Imperial, the debtor in the above-entitled action, is a corporation which engages in the wholesale manufacture and distribution of lubricating oil, with its principal place of business at Orchard Place, Morganville, New Jersey. The company

has been in business for over 75 years. Imperial is currently operating as a debtor-in-possession.

2. Defendants DOD and EPA are a department and agency, respectively, of the United States government.

3. This adversary proceeding arises out of and relates to the above-captioned Chapter 11 case, which was filed with the United States Bankruptcy Court for the District of New Jersey on April 18, 2007.

4. The United States Bankruptcy Court for the District of New Jersey has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 because this is an adversary proceeding arising under the Debtor's bankruptcy proceedings under Title 11.

5. Plaintiff brings this adversary proceeding pursuant to 11 U.S.C. § 542 and Bankruptcy Rule 7001 et seq.

6. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

7. Venue is properly in this District pursuant to 28 U.S.C. §1409.

**BACKGROUND**

8. Imperial has been supplying the United States military with specialized lubricating oils for many years. These products are purchased by the Defense Supply Center Richmond ("DSCR"), a field activity of the Defense Logistics Agency, a component of the DOD.

2

9. On or about March 15, 2006, Imperial properly filed a Claim for Equitable Adjustment ("Claim") pursuant to the Contract Disputes Act of 1979 and Section 33.206 of the Federal Acquisition Regulation with respect to the above-described contracts in the total amount of $4,143,982, plus interest as calculated under the above-described Act. This Claim was subsequently recalculated and/or supplemented from June 2006 through February 2007. The Claim against DSCR arose under several DSCR contracts when the contracts' pricing mechanism failed to track recent, rapid and dramatic increases in petroleum market prices.

10. On or about March 21, 2007, Imperial and DSCR entered into a Settlement Agreement and Mutual Release resolving the above-described Claim ("Agreement"). A copy of the Agreement is attached as Exhibit A. The Agreement was executed on behalf of DSCR by Patricia L. McMahon, an authorized Contracting Officer for DSCR, who had the authority to bind the DOD.

11. At no time during settlement negotiations did any DSCR official mention, suggest or represent that any of the settlement proceeds would be set off in favor of the EPA.

12. Paragraph 7 of the Agreement provides that DSCR shall pay to Imperial the sum of $984,953.26 in full and final settlement of the Claim (the "settlement funds").

13. Pursuant to paragraph 8 of the Agreement, DSCR has issued a modification of a Delivery Order, pursuant to one of the above-described contracts, which requires a lump sum payment

of the settlement funds. This modification was to be forwarded to Imperial for signature within three (3) business days of the execution of the Agreement. Imperial was then to submit an invoice for this amount to the Defense Finance and Accounting Service ("DFAS") which was to pay the settlement funds in accordance with the Assignment dated March 9, 2007 (the "Assignment") and the Notice of Assignment accompanying the Agreement, copies of which are attached as Exhibits B and C.

14. Paragraph 9 of the Agreement provides:

> DSCR will use its best efforts to expedite payment of the Settlement Amount by DFAS.

15. The settlement amount was arrived at through negotiations with the explicit understanding that it would be paid promptly so Imperial could remain in business. Imperial settled its $4,143,982 claim for only $984,953.26 and agreed to release DSCR from further liability for one reason and one reason only: Imperial needed money to continue to operate immediately. It bargained for the time value of money and now Imperial, who has fully performed under the Settlement Agreement, is being denied the benefit of its bargain.

16. The Assignment, attached as Exhibit B, provides that the payment of the settlement funds in accordance with the Agreement shall be made to the Wachovia Bank trust account of Imperial's Washington counsel, Peckar, Abramson, Bastianeli & Kelley, LLP.

4

17. The Notice of Assignment, attached as Exhibit C, was executed on behalf of Wachovia Bank and was acknowledged as received by Patricia L. McMahon, the Contracting Officer for DSCR, on March 21, 2007.

18. On or about March 26, 2007, Imperial and Patricia L. McMahon, as Contracting Officer for DSCR, executed an Amendment of Solicitation/Modification of Contract, a copy of which is attached as Exhibit D, which earmarks specific dollars from a specific DOD account for the payment of the settlement funds. Page 2 of this document implements the foregoing payment by establishing a separate contract line item, no. 9926, to pay this specific settlement amount. Page 2 of this document also approves the Assignment attached hereto as Exhibit B, and advises Imperial to register with the Central Contractor Registration in order to have the settlement funds paid.

19. Thereafter, as required by the Amendment of Solicitation/Modification of Contract, Imperial registered with the Central Contractor Registration.

20. In accordance with paragraph 8 of the Agreement, DFAS received an invoice for payment from Imperial on March 30, 2007. This is confirmed by the Voucher Payments by Cage Report and Invoice Detail Report obtained by Imperial on April 23, 2007, attached as Exhibit E.

21. As a result, as of March 30, 2007, Imperial had taken all actions required in accordance with the Agreement and the Assignment to receive payment of the settlement funds.

22. On April 25, 2007, Imperial's counsel sent a demand for payment to Patricia L. McMahon, the authorized Contracting Officer for DSCR. A copy of this demand letter is attached hereto as Exhibit F. To date, no payment has been made to Imperial.

23. Imperial is located on a site that has been found to have environmental contamination and has been designated a "Superfund Site".

24. In 1996, the United States on behalf of the EPA, filed a complaint against Imperial, among others. This Complaint was resolved by a Consent Decree entered on or about February 26, 2001, which required various actions and/or payments by Imperial, among others ("Consent Decree"). A copy of this Consent Decree is attached as Exhibit G.

25. The Consent Decree required Imperial to make various payments to the EPA. Imperial complied with its obligations under the Consent Decree, including making payments of approximately $2 million. Beginning around February 2006, Imperial was unable to make further payments under the Consent Decree because of its financial difficulties.

26. The EPA does not have a lien or security interest in any property of Imperial as a result of the Consent Decree. The EPA specifically does not have a lien or security interest in the $984,953.26 of settlement funds due to be paid by DOD to Imperial.

6

27. Nevertheless, the EPA has advised DFAS not to pay to Imperial the settlement funds now due in accordance with the Agreement.

28. As a result, despite the express approval and direction by the DSCR Contracting Officer for the DFAS to pay Imperial the settlement funds, DFAS, on behalf of DOD, has advised that it is going to withhold payment of the settlement funds.

29. The settlement funds are an asset of the Debtor's estate, as Imperial has taken all actions required pursuant to the Agreement as a precondition to payment.

30. Imperial's Petition and Schedules evidence approximately $2 million in claims by unsecured creditors, exclusive of insiders and environmental claims, with virtually no liquid assets.

31. Thus, Imperial is in desperate need of working capital to continue its business operations. Specifically, it requires the following funds to fund the following items:

| Monthly Expenses (approximate): | |
|---|---|
| Electric | $4,000 |
| Water | 500 |
| Telephone | 500 |
| Heating fuel | 4,000 |
| Insurance | 6,000 |
| Automobile | 3,500 |
| Taxes | 10,000 |
| Rent | 3,000 |

| Monthly Expenses (approximate): | |
|---|---|
| Labor staff | 15,000 |
| Officer salaries (2) | 12,000 |
| Office staff salaries | 14,000 |
| **Total:** | $72,500 |
| **Plus costs of raw materials on a job-by-job basis** | |

32. If Imperial does not receive the settlement funds due from DOD forthwith, it will no longer be able to continue in business. Imperial will therefore not be able to fund a reorganization plan to provide the maximum possible benefit to its various unsecured creditors and will not be able to resume the remediation program with the EPA pursuant to the Consent Decree.

33. EPA, which is an unsecured creditor, will essentially have been preferred over all other creditors resulting in the undermining of Imperial's ability to make distributions for the benefit of all other creditors.

### FIRST COUNT

34. Imperial repeats and realleges the allegations in paragraphs 1 through 33 of the Verified Complaint as if set forth at length herein.

35. The $984,953.26 in settlement funds pursuant to the Agreement, which, pursuant to the Amendment of Solicitation/Modification of Contract, are now contained in

8

contract line item No. 9926 are assets of the Estate pursuant to § 541 of the Bankruptcy Code.

36.  Imperial is thus entitled to the turn-over of those funds to the estate in accordance with § 542 of the Bankruptcy Code.

WHEREFORE, Imperial demands Judgment against DOD and EPA as follows:

A.  Directing DOD to turn over to Imperial immediately in accordance with the Agreement and the Assignment the settlement funds that DOD is presently holding;

B.  For costs of this proceeding, including reasonable attorneys' fees; and

C.  For such further relief that the Court may deem equitable and just.

### SECOND COUNT

37.  Imperial repeats and realleges the allegations in paragraphs 1 through 36 of the Verified Complaint as if set forth at length herein.

38.  As a result of the foregoing, DOD is in breach of the contract represented by its Agreement with Imperial.

39.  As a result of that breach, the sum of $984,953.26 is immediately due and owing from DOD to Imperial.

WHEREFORE, Imperial demands judgment against DOD and EPA as follows:

A.  Directing specific performance of the Agreement and the Assignment;

9

        B.    For damages in the amount of $984,953.26; and

        C.    For costs of this proceeding, including reasonable attorneys' fees; and

        D.    For such further relief that the Court may deem equitable and just.

        HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
        Attorneys for Debtor/Debtor-In-Possession/
        Plaintiff Imperial Oil Co., Inc.

By: _____
        RICHARD B. HONIG
        A Member of the Firm

Dated: April 27, 2007

10

## VERIFICATION OF COMPLAINT

STATE OF NEW JERSEY)
                    ss.:
COUNTY OF ESSEX     )

      SCOTT STEVENS, being duly sworn, deposes and says that he is the President of the plaintiff herein Imperial Oil Co., Inc., and that he has read the foregoing Complaint and knows the contents thereof and that the same are true of his own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters he believes them to be true.

                                            SCOTT STEVENS

Sworn and subscribed to
before me this 26 day of
April, 2007

*[Signature]*
An Attorney-At-Law
State of New Jersey